# EXHIBIT A

**SWARTZ SWIDLER, LLC**
Manali Arora, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
(856) 685-7420
(856) 685-7417 – Facsimile
marora@swartz-legal.com
*Attorneys for Plaintiff*

| | |
|---|---|
| THOMAS DIORIO<br>789 S. United States Ave<br>Lindenwold, NJ, 08021<br><br>                Plaintiff,<br>          v.<br><br>DEVEREUX FOUNDATION d/b/a DEVEREUX ADVANCED BEHAVIORAL HEALTH<br>100 Campus Road, Suite 201<br>Morganville, NJ 07551 | SUPERIOR COURT OF NEW JERSEY<br><br>GLOUCESTER COUNTY – LAW DIVISION<br><br>CIVIL ACTION NO:<br><br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Thomas DiOrio ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Devereux Foundation d/b/a Devereux Advanced Behavioral Health ("Defendant").

## INTRODUCTION

1.      Plaintiff has initiated this action to redress Defendant's violations of the New Jersey Law Against Discrimination ("NJLAD"). Defendant discriminated against Plaintiff due to his disability, failed to grant his request for an accommodation in the form of light-duty and a schedule modification, and then fired him in retaliation for his complaints of same. As a result of Defendant's actions, Plaintiff suffered damages as set forth herein.

1

## PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

3. Plaintiff is an adult individual with an address as set forth in the caption.

4. At all times relevant herein, Plaintiff worked for Defendant at its facility located at 1460 Grandview Ave, Suite 5, Deptford, New Jersey in Gloucester County.

5. Defendant is a business entity that does business in New Jersey at the above captioned address.

6. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Defendant hired Plaintiff on or around January 23, 2017, as an Assistant Vocational Coordinator to work at its site located at 1460 Grandview Ave, Suite 5, West Deptford, New Jersey.

9. On May 25, 2017, Plaintiff severely injured his back in a motor-vehicle accident while working for Defendant, driving its van.

10. Plaintiff immediately went to the Emergency Room to seek treatment for same.

11. Plaintiff was then referred to a specialist, who placed him on light-duty and required that he attend physical therapy twice per week. As of the date of the filing of this Complaint, Plaintiff continues to seek treatment for the injuries he suffered during the above-noted motor-vehicle accident (hereinafter, Plaintiff's "disability" or "disabilities").

12. Plaintiff provided his supervisor, Heather Janci (hereinafter "Supervisor Janci"), with documentation from his physician which reflected Plaintiff's light duty restrictions and need for physical therapy.

13. Instead of granting Plaintiff's light-duty request, Supervisor Janci ignored it and continued to assign Plaintiff to duties that violated his light-duty restrictions and/or treatment plan.

14. Plaintiff reminded Supervisor Janci that he had physical limitations as a result of the accident and his treatment plan for his disabilities.

15. Specifically, amongst other limitations, Plaintiff's physician instructed that he not assist passengers in-and-out of Defendant's vehicles, or even operate Defendant's vehicles, while on light-duty status; this was to avoid bending and other activities that would aggravate his disabilities.

16. On May 31, 2017, Supervisor Janci instructed Plaintiff to operate one of Defendant's vehicles.

17. Plaintiff informed Supervisor Janci that he was unsure if he could do so because he would not be able to physically assist any clients who required physical assistance.

18. That day, Supervisor Janci contacted Plaintiff's physician to further determine his limitations.

19. Despite confirming with Plaintiff's physician that he was unable to operate a vehicle at the time, she continued to instruct Plaintiff to operate Defendant's vehicle and assigned him other duties that he was not released to perform.

20. Plaintiff again explained that he could not continue to perform these duties due to his disabilities, but Supervisor Janci ignored him.

3

21. Plaintiff followed Supervisor Janci's instructions, despite the fact that they went against his doctor's orders, because he was afraid of losing his job.

22. On July 2, 2017, Plaintiff was copied on an e-mail to Supervisor Janci from another agent of Defendant confirming that Defendant would continue to assign Plaintiff to operate vans, in violation of his treatment plan.

23. On July 9, 2017, Plaintiff's physician cleared him to drive a vehicle but did not permit him to "staff" clients, because if an accident occurred Plaintiff would be physically unable to assist them.

24. Plaintiff informed Supervisor Janci of same, but she continued to require Plaintiff drive and staff the van, ignoring his light-duty restrictions.

25. Approximately a week or two later in mid-July 2017, Plaintiff informed his physical therapist, physician, and worker's compensation case worker that he continued to be assigned full-duty work notwithstanding Defendant's knowledge of his light-duty restrictions.

26. Plaintiff told his medical providers and worker's compensation case worker that Defendant was not accommodating his light-duty restrictions.

27. Both Plaintiff's physician and worker's compensation case worker said they would contact Supervisor Janci.

28. Shortly thereafter, on July 20, 2017, Supervisor Janci fired Plaintiff for allegedly failing to complete a report in a proper manner and clean the company van.

29. Plaintiff explained that he had asked Supervisor Janci for her assistance in completing the report.

4

30. Plaintiff further reminded Supervisor Janci that he was unable to clean the company van due to bending restrictions, per his medical providers, and accordingly, requested she reconsider his termination.

31. Supervisor Janci refused.

32. Plaintiff then contacted Defendant's management via e-mail and stated he believed he was being retaliated against for requesting accommodations and/or for reporting Supervisor Janci's refusal to grant his requested accommodations, but Defendant never replied.

33. Defendant fired Plaintiff because he suffers from a disability or disabilities and/or because Defendant perceived Plaintiff as being disabled and/or in retaliation for his complaints of Defendant's refusal to grant his requests for an accommodation.

34. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT I
## Violation of the NJLAD
## (Disability Discrimination)

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. At all times relevant, Plaintiff's disabilities rendered him an individual with a disability under the NJLAD.

37. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

38. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

39. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

40. The NJLAD prohibits employers, such as Defendant, from discriminating or taking adverse action against an employee on the basis of a disability.

41. Discrimination against an employee because of his disability constitutes disability discrimination under the NJLAD.

42. Defendant violated Plaintiff's rights under the NJLAD by firing Plaintiff because he suffered from a disability.

43. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violation of the NJLAD
### (Failure to Accommodate)

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Plaintiff asked for an accommodation for his disability in the form of time of light-duty and schedule modifications to attend physical therapy.

46. Defendant failed to grant Plaintiff's request.

47. Instead, Defendant continued to assign Plaintiff to full-duty tasks.

48. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
### Violation of the NJLAD
### (Retaliation)

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

51. Plaintiff requested an accommodation in the form of time of light-duty and schedule modifications to attend physical therapy.

52. Defendant failed to grant Plaintiff's request and continued to assign him to full-duty tasks.

53. Plaintiff complained of Defendant's failure to grant his request.

54. A few days later, Defendant fired Plaintiff in retaliation for his complaints.

55. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, need for an accommodation;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

      E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

      F.      Plaintiff's claims are to receive a trial by jury.

      Respectfully submitted,

      **SWARTZ SWIDLER, LLC**

      */s/ Manali Arora*
      Manali Arora, Esq.
      Richard S. Swartz, Esq.
      1101 Kings Highway North, Suite 402
      Cherry Hill, NJ 08034
      (856) 685-7420
      (856) 685-7417 - Facsimile

Dated: May 9, 2019

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

By:  *s/ Manali Arora*<br>Manali Arora, Esq.

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter. I am not aware of any other proceeding which is the subject of the instant matter.

By:  *s/ Manali Arora*<br>Manali Arora, Esq.

## DESIGNATION OF TRIAL COUNSEL

Richard S. Swartz, Esq., of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

By:  *s/ Manali Arora*<br>Manali Arora, Esq.

Dated: May 9, 2019

**Appendix XII-B1**



| | | |
|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT (CIS)**<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE:  ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>MANALI ARORA, ESQ. | TELEPHONE NUMBER<br>(856) 685-7420 | COUNTY OF VENUE<br>Gloucester |
|---|---|---|
| FIRM NAME (if applicable)<br>SWARTZ SWIDLER LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>1101 Kings Hwy N Ste 402<br>Cherry Hill NJ 08034 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Tom DiOrio, Plaintiff | CAPTION<br>Tom Diorio v. Devereux Foundation d/b/a Devereux Advanced Behavioral Health |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>618 | HURRICANE SANDY RELATED?<br>☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.** |
|---|
| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ■ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ■ YES  ☐ NO |
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:   */s/ Manali Arora*

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I  -  150 days' discovery**
- 151   NAME CHANGE
- 175   FORFEITURE
- 302   TENANCY
- 399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502   BOOK ACCOUNT (debt collection matters only)
- 505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506   PIP COVERAGE
- 510   UM or UIM CLAIM (coverage issues only)
- 511   ACTION ON NEGOTIABLE INSTRUMENT
- 512   LEMON LAW
- 801   SUMMARY ACTION
- 802   OPEN PUBLIC RECORDS ACT (summary action)
- 999   OTHER (briefly describe nature of action)

**Track II  -  300 days' discovery**
- 305   CONSTRUCTION
- 509   EMPLOYMENT (other than CEPA or LAD)
- 599   CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605   PERSONAL INJURY
- 610   AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621   UM or UIM CLAIM (includes bodily injury)
- 699   TORT – OTHER

**Track III  -  450 days' discovery**
- 005   CIVIL RIGHTS
- 301   CONDEMNATION
- 602   ASSAULT AND BATTERY
- 604   MEDICAL MALPRACTICE
- 606   PRODUCT LIABILITY
- 607   PROFESSIONAL MALPRACTICE
- 608   TOXIC TORT
- 609   DEFAMATION
- 616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617   INVERSE CONDEMNATION
- 618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV  -  Active Case Management by Individual Judge / 450 days' discovery**
- 156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303   MT. LAUREL
- 508   COMPLEX COMMERCIAL
- 513   COMPLEX CONSTRUCTION
- 514   INSURANCE FRAUD
- 620   FALSE CLAIMS ACT
- 701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 282 | FOSAMAX | 300 | TALC-BASED BODY POWDERS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 601 | ASBESTOS |
| 286 | LEVAQUIN | 623 | PROPECIA |
| 287 | YAZ/YASMIN/OCELLA | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |
| 289 | REGLAN | 625 | FIREFIGHTER HEARING LOSS LITIGATION |
| 291 | PELVIC MESH/GYNECARE | 626 | ABILIFY |
| 292 | PELVIC MESH/BARD | 627 | PHYSIOMESH FLEXIBLE COMPOSITE MESH |
| 293 | DEPUY ASR HIP IMPLANT LITIGATION | 628 | TAXOTERE/DOCETAXEL |
| 295 | ALLODERM REGENERATIVE TISSUE MATRIX | 629 | ZOSTAVAX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**     ☐ **Putative Class Action**     ☐ **Title 59**

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000595-19**

**Case Caption:** DIORIO TOM  VS DEVEREUX FOUNDATION
**Case Initiation Date:** 05/09/2019
**Attorney Name:** MANALI SHAH ARORA
**Firm Name:** SWARTZ SWIDLER, LLC
**Address:** 1101 KINGS HIGHWAY NORTH STE 402 CHERRY HILL NJ 08034
**Phone:**
**Name of Party:** PLAINTIFF : DIORIO, TOM
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/09/2019                                                                                    /s/ MANALI SHAH ARORA
Dated                                                                                                         Signed